Hattie J. AGEE, Appellant,

v.

Ray LOFTON, Appellee.

Mary Lou AGEE, Appellant,

v.

Ray LOFTON, Appellee.

Nos. 16468, 16469.

United States Court of Appeals
Eighth Circuit.

March 30, 1961.

Robert M. Dippel, Council Bluffs, Iowa, and Charles E. Kirchner, Omaha, Neb., for appellants.

Philip J. Willson, Council Bluffs, Iowa, and James G. McDowell, Jr., Des Moines, Iowa, Raymond A. Smith and John Le-Roy Peterson, Council Bluffs, Iowa, on the brief, for appellee.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

PER CURIAM.

These are appeals from separate judgments based upon separate verdicts for the defendant (appellee) in separate actions brought by Hattie J. Agee and Mary Lou Agee to recover for personal injuries and property loss sustained by each of them, allegedly as a result of the negligence of an employee of the defendant, when the automobile in which both plaintiffs were riding collided with a truck owned by the defendant and being operated by his employee. The collision occurred September 5, 1957, on Highway 75 near Mondamin, Iowa, while both vehicles, traveling in opposite directions, were crossing a bridge. The defendant denied liability, and set up a counterclaim against Mary Lou Agee for damage to his truck and loss of its use.

The actions, federal jurisdiction of which was based on diversity of citizenship and amount in controversy, were consolidated for trial, and tried to a jury in November, 1959. The verdicts for the defendant resulted in a judgment dismissing the action of each of the plaintiffs and awarding the defendant $542.96 against Mary Lou Agee upon his counterclaim.

On behalf of the plaintiffs it is contended that they did not have a fair trial because of uncalled for, unjudicial and prejudicial remarks volunteered by the trial judge in the presence of the jury during the course of the trial. Counsel for the defendant argues that the plaintiffs are not entitled to a reversal of the judgments on that account, since no objections or exceptions were taken to the trial judge's remarks of which they now complain, and that the remarks were not intended or calculated to harm the plaintiffs or to prevent the jury's reaching an impartial verdict.

Exceptions should, no doubt, have been taken at the trial to the objectionable remarks of the judge; but counsel, in a trial such as this, are, understandably, loath to challenge the propriety of a trial judge's utterances, for fear of antagonizing him and thereby prejudicing a client's case. This Court, regardless of the absence of objections or exceptions, may notice plain error, and is under obligation to see that trials in the district courts are conducted impartially and that they are not without some measure of dignity and decorum. This does not mean, however, that this Court will concern itself with uncalled for and unjudicial remarks of a trial judge, made during a trial, unless exceptions were taken to them or unless satisfied that they were intended or were calculated to affect the impartiality of the jury. Goldstein v. United States, 8 Cir., 63 F.2d 609, 613. Since the Goldstein case, we have, on occasions, been required to reverse a judgment because of unfortunate remarks made by a trial judge during a trial. Myers v. George, 8 Cir., 271 F.2d 168; Berry v. United States, 8 Cir., 283 F.2d 465.

No useful purpose can be served by listing the objectionable remarks complained of by the plaintiffs. They were, we think, clearly improper, unjustified and prejudicial. The trial judge, in making them, may have had no realization of how they sounded or of their impropriety, and probably had no actual intention of prejudicing the plaintiffs in the minds of the jury, but his remarks making light of the plaintiffs and their witnesses were, in our opinion, calculated to prevent the plaintiffs from having the sort of trial to which they were legally entitled.

In justice to counsel for the defendant, it should be said that he did nothing to incite or provoke any of the objectionable remarks made by the trial judge. That the litigants must be subjected to the trouble and expense of a new trial is regrettable, but unavoidable if the proprieties of orderly procedure are to be respected.

The judgments appealed from are reversed and the cases are remanded for a new trial.