JOHN MOHR & SONS, Third-Party Plaintiff and Counter-Defendant-Appellant,

v.

GMR ASSOCIATES, INC., Third-Party Defendant and Counter-Plaintiff-Appellee.

No. 15971.

United States Court of Appeals Seventh Circuit.

Jan. 19, 1968.

William J. O'Brien, Louis P. Miller, Chicago, Ill., for appellant.

Peter V. Fazio, Edward Atlas, Chicago, Ill., for appellee.

Before DUFFY, Senior Circuit Judge, and CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

John Mohr & Sons (Mohr), third party plaintiff below, appeals from a $1,500 judgment in its favor against third party defendant GMR Associates, Inc. (GMR), and from a judgment for $49,-000 in favor of GMR on its counterclaim against Mohr. We reverse and remand.

The basic suit was brought by Freightways Terminal Co. (Freightways) and sought damages from Mohr, its general contractor for the construction of a truck depot, alleging that the paving work, subcontracted by Mohr to GMR, had been done negligently. In its answer to the suit Mohr denied the alleged negligence and stated the defects in the paving work were the result of improper design by Freightways, and counterclaimed for $61,642.43 it claimed as due it under the contract. Mohr also filed a third party action against its subcontractor GMR claiming it had performed the paving work negligently, and relying upon an agreement of indemnity given by GMR, to protect Mohr against any judgment in the basic suit of Freightways. GMR denied indemnity liability and filed a counterclaim against Mohr to recover the balance due for the original work under the subcontract and for supplementary repair work. Mohr answered the counterclaim. The original action between Freightways and Mohr was settled but

the third party issues were tried and submitted to the jury with the verdicts for both Mohr and GMR being returned. Judgments were entered on the verdicts and this appeal followed.

In October, 1962, GMR began to lay the pavement for the terminal, and by mid-December had finished the major portion. Winter weather forced delay in completion until spring. In May, 1963, the pavement began to deteriorate and Mohr demanded GMR repair and rework the affected areas and furnish a two year work guarantee. Tests were made by experts to determine the cause of deterioration. A dispute arose between Mohr and GMR as to the cause of the deterioration and a conference between them resulted in GMR subsequently doing the repair work and Mohr agreeing to assert a claim for the cost of the repairs against Freightways. Deterioration continued after the repairs were made, and Freightways engaged another contractor to re-do the paving. Freightways then brought the basic suit against Mohr.

Mohr contends the $1,500 judgment in its favor is not responsive to the evidence of its damage, that prejudicial error was committed by the district court's denial of leave to file an amended complaint before trial, that the court's conduct during the trial, and in the course of giving and refusal of instructions, was prejudicial to it, and that the GMR judgment for $49,000 on the third party counterclaim should be set aside.

■ We reverse because we find that the instruction given by the trial judge on GMR's burden of proof with respect to its counterclaim is incorrect, and therefore a new trial is necessary. The trial judge gave the following complicated instruction on the counterclaim:

If you find from the evidence that the third-party plaintiff entered into an agreement with the third-party defendant, GMR, that if GMR would make repairs to the pavement, Mohr would support GMR's claim for the fair and reasonable value of its repairs as an extra against Freightways

Terminal Company if the pavement failure was caused by subsoil conditions and not because GMR failed to adhere to the drawing and specifications, and if you further find from the evidence that thereafter Mohr entered into a written agreement with Freightways Terminal Company at which time it believed the pavement failure was due to the subsoil condition, by which agreement, among other things, it agreed to save harmless Freightways Terminal Company from any claim by GMR for the value of the repair work, then you are instructed, members of the jury, that if you also believe from the evidence that the pavement failure was due to subsoil conditions and not because GMR failed to adhere to the drawings and specifications, then by reason of Mohr's agreement with Freightways Terminal Company, Mohr became responsible to GMR for the fair and reasonable value of the repair work and you should return a verdict in such an event in favor of GMR and against Mohr on GMR's counterclaim for whatever amount you believe from the evidence is its fair and reasonable value.

It is uncontested that Mohr's promise to GMR with regard to the paving repairs was only to support GMR's claim for extras against Freightways. Mohr asserted GMR's claim by filing a counterclaim against Freightways seeking to recover the cost of the repairs. The case in which that counterclaim was asserted was later settled. If that settlement was made in good faith it is clear that Mohr fulfilled its promise to GMR. The trial judge's instruction with regard to the elements of proof necessary for GMR to succeed on its counterclaim did not require proof that the settlement was made in bad faith and therefore was incorrect. Moreover it appears that the jury found that the settlement was made in good faith since they awarded some damages to Mohr on its third party complaint and the trial judge's instruction on that claim required a finding of good faith before any judgment could be entered in favor of Mohr.

It is true that Mohr in its settlement with Freightways agreed to indemnify Freightways against any claim by GMR, but this agreement between Freightways and Mohr cannot be the basis of a recovery by GMR against Mohr. Mohr's liability on this indemnity agreement would only come into effect upon Freightways being sued or held liable to GMR for the cost of the pavement repairs. GMR has made no effort to establish that Freightways is now personally liable to it and indeed states in its brief [1] that it has no personal action against Freightways. In any event, it is clear that mere proof that the paving job was unsuccessful due to subsoil conditions would not establish Freightways' liability to GMR for the cost of repairs as the trial judge's instruction seems to state.

We do not mean to indicate by our foregoing discussion that absent a finding of bad faith in the settlement agreement GMR could have no recovery from Mohr. Mohr settled a suit with Freightways in which Freightways was seeking $160,000 damages from it, which it claimed to have suffered due to the paving problems, and GMR counterclaimed for $61,642.43 still owed to it on the original contract price and $50,087.39 for extras due to the repairs made by GMR. Mohr's suit was settled with Freightways paying $46,000 to Mohr and Mohr agreeing to hold Freightways harmless against any claim by GMR. Even if this settlement was made in good faith by Mohr it may well be that part of the $46,000 received by Mohr is attributable to its claim for the repair costs. If this is so, GMR could claim that portion of the settlement payment.

We hold that the instruction given was erroneous and that all the issues between these parties must be retried, since both GMR and the trial judge recognized that there was a possibility that some of the damages awardable to Mohr under the third party complaint were actually set off by the jury against the award given GMR on its counterclaim.

Mohr complains of critical comments upon Mohr's answering Freightways' complaint by alleging that the necessity for repairs to the original pavement was the result of subsoil conditions, and alleging at the same time in its third party complaint that the repairs were necessitated by GMR's negligent failure to comply with Mohr's paving specifications. We see no basis for criticizing this pleading stance since considerable doubt existed as to the actual reason for the failure of the original pavement and Mohr could not be required, at its peril, to choose between the two possible explanations.

We think the court erroneously concluded that the third party rule (Rule 14, FED.R.CIV.P.) did not contemplate and accommodate the alternative pleading rule (8(e)). No authority was given for the district court's view and we disagree with the court's decision. We conclude that the court's critical comments in the presence of the jury should not have been made. United States v. Wheeler, 7 Cir., 219 F.2d 773, 777; Agee v. Lofton, 8 Cir., 287 F.2d 709.

There is no merit in GMR's argument that Mohr's pleading was not in the alternative because both of Mohr's positions were not stated in the third party complaint since it would serve no useful purpose to require Mohr to allege against GMR—as an alternative to its allegation that it was entitled to recover against GMR because of GMR's negligence in failing to comply with Mohr's specifications—that Freightways was responsible for the condition of the subsoil thus causing the need for repairs. This was a matter which GMR could allege and attempt to prove as a matter of defense if it chose to do so.

We need not pass on the claim of error in the district court's denial of leave for Mohr to amend its third party complaint. In view of what we have

---

1. On p. 38 GMR admits it waived its rights to a mechanic's lien against Freight-ways and that this precludes any recovery by GMR against Freightways.

said, the parties should be permitted to frame the issues in the pleadings as their needs are shown. Similarly the instructions should be framed in accordance with what we have said in this opinion.

Reversed and remanded.