GERALD A. PARODI, Special Administrator of the Estate of SHIRLEY JEAN SWISHER, Deceased; MARTIN J. SWISHER, JOHN A. SWISHER, MARTIN J. SWISHER, JR., and JAMES R. STEWART, Appellants, v. WASHOE MEDICAL CENTER, INC., Respondent.

No. 24472

March 30, 1995 892 P.2d 588

*Law Offices of Geoffrey White*, Reno, for Appellants.

*Lemons, Grundy & Eisenberg*, Reno, for Respondent.

---

[1]The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.

## OPINION

*Per Curiam:*

Appellants contend that improvident conduct by the district judge during voir dire minified the seriousness of their wrongful death action and engendered an inappropriate trial atmosphere that prejudiced their right to a fair trial. Appellants also challenge the giving of two jury instructions, which, when read together, constitute an error-in-judgment instruction. For the reasons discussed below, we reverse the judgment entered by the district court and remand the matter for a new trial.

### FACTS

In abbreviated part, the facts indicate that Shirley Swisher, then fifty-four years of age, was admitted into the Washoe Medical Center (WMC) on October 1, 1988, for treatment of a fractured pelvis. Swisher was known by WMC to also suffer from nephritic and neurological conditions, the second of which made her myoclonic, disoriented, and susceptible to seizures. In the early hours of October 18, 1988, Swisher suffered a fatal fall from her hospital bed. The autopsy examination indicated that Swisher died from an "acute subdural hematoma, with skull fracture."

Appellants filed a wrongful death action against WMC in which they sought general and special damages for WMC's purported negligence in caring for Swisher. The allegations of appellants' complaint and the defenses raised thereto are of subordinate importance to this appeal, and because this matter will be remanded for retrial at a later date, it is unnecessary to address them in this opinion.

At the conclusion of the trial, the jury returned a defense verdict.

## DISCUSSION

The dispositive issue before us concerns the conduct of the trial judge during voir dire, and whether such conduct prejudiced appellants' right to a fair trial. Rather than reciting the full particulars concerning the tone-setting conviviality engendered during voir dire, we note that the judge's unfortunate, yet well-intentioned conduct injected an unwarranted levity into the proceedings that may have adversely influenced the venire's perceptions of the significance of the trial.[1]

A trial judge is charged with providing order and decorum in trial proceedings.[2] What may be innocuous conduct in some circumstances may constitute prejudicial conduct in a trial setting, and we have earlier urged judges to be mindful of the influence they wield. In Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970), an unsuccessful litigant assigned error to the trial judge's repeated comments on the credibility of expert witnesses, expressions of impatience, and rebuffs against counsel for trial tactics. We observed the following with regard to the influence of judges upon jurors:

> "The average juror is a layman; the average layman looks with most profound respect to the presiding judge; and the

[1]Without undue elaboration, we note that the record reflects that the trial judge led the prospective jurors in a standing ovation when appellants' counsel returned a few minutes late from recess. Counsel immediately reminded the judge of the solemn nature of his client's action, but was interrupted by the judge who said, "Excuse me just a second. Excuse me just a second. I didn't quite know how you were going to handle it. I want you to know that it was in jest when we stood up."

On another occasion the judge "lightened" the voir dire proceeding by informing a tardy juror that she was "eligible for this fun, too," and by joking about the solemn oath to which jurors are sworn. The judge also directed light-hearted comments to a prospective juror, whom he knew from college, regarding the judge's fitness to serve on the bench. As a final illustration of a thoughtless and improper statement, the judge endorsed one prospective juror's business.

[2]Nevada Code of Judicial Conduct Canon 3(B) (1991).

jury is, as a rule, alert to any remark that will indicate favor or disfavor on the part of the trial judge. Human opinion is ofttimes formed upon circumstances meager and insignificant in their outward appearance; and the words and utterances of a trial judge, sitting with a jury in attendance, are liable, however unintentional, to mold the opinion of the members of the jury to the extent that one or the other side of the controversy may be prejudiced or injured thereby."

*Id.* at 416-17, 470 P.2d at 140 (quoting Peterson v. Pittsburgh Silver Peak Gold Mining Co., 37 Nev. 117, 140 P. 519 (1914)); *see also* Quercia v. United States, 289 U.S. 466, 470 (1933) ("The influence of the trial judge on the jury 'is necessarily and properly of great weight' and 'his lightest word or intimation is received with deference, and may prove controlling.'") (quoting Starr v. United States, 153 U.S. 614, 626 (1894)).

Having concluded that the trial judge's conduct was inappropriate and potentially prejudicial, we now turn to appellants' failure to preserve the error for review. Appellate review is generally precluded when the aggrieved party fails to object, assign misconduct, or request an instruction from the lower court. Libby v. State, 109 Nev. 905, 911, 859 P.2d 1050, 1054 (1993). We have also held that judicial misconduct falls within the category of error which must normally be preserved for appellate review. *Ginnis,* 86 Nev. at 417, 470 P.2d at 141 (expressly disapproving of the judicial misconduct, but refusing to rule on its prejudicial effect "because the error was not preserved for our consideration"). Although appellants' counsel failed to adequately object to the trial court's conduct at the time it occurred, we nevertheless conclude that the errant conduct is reviewable under the plain error doctrine. *See Libby,* 109 Nev. at 911, 859 P.2d at 1054 (plain error is error which either "had a prejudicial impact on the verdict when viewed in context of the trial as a whole," or "seriously affects the integrity or public reputation of the judicial proceedings"). Our conclusion favoring a new trial is also buttressed by the dissimilarity between the conduct in the instant case and that discussed in *Ginnis.*

Concerning the doctrine of plain error, the Eighth Circuit Court of Appeals has held that judicial misconduct may fall within the purview of that doctrine. Agee v. Lofton, 287 F.2d 709, 710 (8th Cir. 1961). In *Agee,* the plaintiffs, who had not properly preserved their record for appellate review, contended that they did not receive a fair trial because of "uncalled for, unjudicial and prejudicial remarks volunteered by the trial judge

in the presence of the jury during the course of the trial." *Id.* at 709. The *Agee* court responded as follows:

> Exceptions should, no doubt, have been taken at the trial to the objectionable remarks of the judge; but counsel, in a trial such as this, are, understandably, loath to challenge the propriety of a trial judge's utterances, for fear of antagonizing him and thereby prejudicing a client's case. This Court, regardless of the absence of objections or exceptions, may notice plain error, and is under an obligation to see that trials in the district courts are conducted impartially and that they are not without some measure of dignity and decorum.

*Id.* at 710.

We are persuaded that the *Agee* court's reasoning is sound, particularly where, as here, the totality of the conduct may have a prejudicial effect on the jury's view of the seriousness or importance of the issues. Unlike the overt misconduct complained of in *Ginnis,* the instant trial was marked by comparatively benign conduct apparently intended to tranquilize the trial atmosphere. The judge thus created a scintillating and relaxed environment for the jurors that was fraught with hazard to appellants' counsel had he attempted to interject objecting tones of disapproval. In short, counsel for plaintiffs was placed in the untenable position of silently accepting the judge's trivialization of the proceedings, or risking the prospect of alienating the judge or the jury by interjecting a discordant and somber note to the good-spirited trial atmosphere being created by the judge. Thus, counsel may have been unwise or remiss if he had responded by objection to every slight offense which alone may not have been sufficient to warrant a mistrial or other remedial response, but which created a cumulative impact the effect of which we are unable to calculate.

Litigants who bear the brunt of trial levity promoted by trial judges are faced with a "Hobson's choice" of either objecting to the misconduct (with the attendant risks of antagonizing the judge and exasperating the jury), or refusing to assume the risks posed by such objections, thereby jeopardizing their right of appellate review. We are reluctant to fault appellants' counsel for choosing the latter option, particularly when the cumulative effect of the judge's conduct could not be known until after it became obvious that the judge would persist. We emphasize by way of caution, however, that our instant ruling is not intended to relax or emasculate the general requirement of preserving error for appellate review as enunciated in *Ginnis* where clear and offensive judicial misconduct occurs. We simply hold today that the failure

to object will not always preclude appellate review in instances where judicial deportment is of an inappropriate but non-egregious and repetitive nature that becomes prejudicial when considered in its entirety.

Finally, we are asked to examine two jury instructions which, when read together, constitute a variation of the "error-in-judgment" instruction. Although respondent accurately reports that not all error-in-judgment instructions are identically phrased, we conclude that any instruction specifying nonliability for certain errors in judgment, or the applicability of "honest" or "best" judgment, may fall under the rubric of "error-in-judgment." In the instant case, the district court issued the following instructions of law to the jury:

### Instruction 12

A nurse is not necessarily negligent *because she errs in judgment* or because her efforts prove unsuccessful. She is negligent if her error in judgment or lack of success is due to a failure to perform any of her duties as defined· in these instructions.

(Emphasis added.)

### Instruction 14

Where there is more than one recognized method of diagnosis or treatment, and no one of them is used exclusively and uniformly by all practitioners of good standing, a nurse is not negligent if, *in exercising her best judgment,* she selects one of the approved methods, which later turns out to be a wrong selection, or one not favored by certain other practitioners.

(Emphasis added.)[3]

Appellants contend that the foregoing instructions imposed a judicial imprimatur upon the defense theories and tended to confuse the jury concerning the minimum standards of professional negligence in their case. Upon careful reflection, we agree with the growing number of courts that have rejected the error-in-judgment instruction.[4] Our primary concern is that such instruc-

---

[3]Instructions 12 and 14 are derived from the *California Book of Approved Jury Instructions* (BAJI), instructions 6.02 and 6.03.

[4]*See* Demmer v. Patt, 788 F.2d 1387, 1388 (8th Cir. 1986); Somer v. Johnson, 704 F.2d 1473, 1477 n.4 (11th Cir. 1983); Shumaker v. Johnson, 571 So. 2d 991, 994 (Ala. 1990); Baker v. Werner, 654 P.2d 263, 268 (Alaska 1982); Krattenstein v. Thomas, 509 A.2d 1077, 1079 (Conn. App. Ct. 1986); Riggins v. Mauriello, 603 A.2d 827, 831 (Del. 1992); Veliz v. American Hospital, Inc., 414 So. 2d 226, 227-28 (Fla. Dist. Ct. App. 1982);

tions may confuse jurors into focusing on the health care provider's subjective intentions and judgments rather than on the real issue of whether the health care provider's conduct conformed to an objective standard of care.

## CONCLUSION

For the reasons discussed above, the judgment entered pursuant to the jury's verdict and the order denying appellants' alternative motion for a new trial are reversed and this matter is remanded for a new trial before a different district court judge.[5]

---

Leazer v. Kiefer, 821 P.2d 957, 961 (Idaho 1991); Wall v. Stout, 311 S.E.2d 571, 577 (N.C. 1984); Graham v. Keuchel, 847 P.2d 342, 355 n.61 (Okla. 1993); Rogers v. Meridian Park Hospital, 772 P.2d 929, 933 (Or. 1989); Teh Len Chu v. Fairfax Emergency Med. Assocs., 290 S.E.2d 820, 822 (Va. 1982); *c.f.* Ouellette v. Subak, 391 N.W.2d 810, 816 (Minn. 1986) (disapproving instruction that contained the word "honest," yet not abandoning the error-in-judgment instruction in its entirety).

[5]In ordering the new trial before a different judge we do not wish to be understood as implying or inferring that the Honorable Stephen R. Kosach could not retry the case with total propriety and impartiality. However, we do not consider it fair to either the judge or appellants' counsel that the matter be remanded to the same department.