IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL CHRISTOPHER STANLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73166

**FILED**

SEP 1 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in death. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Appellant Michael Stanley raises five issues on appeal.

Stanley first argues that the district court exhibited bias during the proceedings that constitutes judicial misconduct and violated Stanley's right to a fair trial. We have consistently held that judges are presumed to be unbiased and the party asserting bias has the burden to present sufficient grounds to rebut that presumption. *See, e.g., Hogan v. Warden,* 112 Nev. 553, 559-60, 916 P.2d 805, 809 (1996).

Here, Stanley asserts numerous instances of perceived judicial misconduct. Stanley preserved one instance for review. During cross-examination, the district court admonished defense counsel in the presence of the jury. Stanley later moved for a mistrial and the district court denied the motion. The admonishment Stanley cited did not amount to misconduct. *See Rudin v. State,* 120 Nev. 121, 140, 86 P.3d 572, 584 (2004) (noting that district courts must balance protecting a defendant's right to a

19·39955

fair trial with the obligation to manage the practical concerns of the courtroom).

Stanley cites other instances of the district court's treatment of defense counsel and the district court's comportment during the proceedings, including "joking" and informality with the prosecution. Stanley did not object to these instances. "Judicial misconduct must be preserved for appellate review." *Oade v. State*, 114 Nev. 619, 621-22, 960 P.2d 336, 338 (1998) (citing *Parodi v. Washoe Med. Ctr., Inc.*, 111 Nev. 365, 368, 892 P.2d 588, 590 (1995)). However, even absent proper preservation, this court will review judicial misconduct under the plain error doctrine. *Id.* at 622, 960 P.2d at 338; *see also* NRS 178.602 ("Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

A district court is charged with maintaining decorum during any proceeding, and improper conviviality may be prejudicial when it leads to adverse perceptions of the gravity of a legal proceeding. *See Parodi*, 111 Nev. at 367-68, 892 P.2d at 589-90; *see also* Nev. Code of Judicial Conduct Canon 2, Rule 2.8. Reviewing the record, these instances were certainly indecorous, though not so egregious or pervasive to constitute error that affected Stanley's substantial rights. *Cf. Earl v. State*, 111 Nev. 1304, 1310-11, 904 P.2d 1029, 1033 (1995) (disapproving of the district court's conduct, citing examples, including: holding defense counsel in contempt, issuing a fine, and threatening jail time; implying defense counsel was incompetent and intoxicated; and appearing to agree with the prosecutor's characterization of evidence). Stanley's remaining claims of judicial misconduct are without merit. *See In re Petition to Recall Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988) (holding that adverse legal

rulings during a proceeding are not a basis to disqualify a judge). Therefore, Stanley has not presented sufficient factual grounds to establish judicial misconduct.

Stanley next argues that Jury Instruction 9 misstated the law. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Whether an instruction correctly states the law presents a legal question that is reviewed de novo. *Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007).

Here, Stanley takes issue with the instruction offered by the State defining "incapable of safely driving," as derived from *City of Henderson v. Eighth Judicial Dist. Court*. Docket No. 30730, at 4 n.2 (Order Denying Petition, June 23, 1998).[1] The district court determined the instruction would assist the jury in reaching a verdict. *See* NRS 175.161(2), (3). Although we do not endorse the reliance on an unpublished decision that does not purport to set forth an instruction defining "incapable of safely driving," we decline to consider whether the instruction misstated the law or altered or lowered the State's burden to prove each element of the offense beyond a reasonable doubt because Stanley fails to cite any relevant authority and offers only conclusory argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to

---

[1]In their briefs, the parties refer to this case as *City v. Rhymer*. The pertinent footnote states, "'Incapable of safely driving' does not, of course, mean that one is incapable of reaching her destination in safety, but that her mental or physiological functions are diminished so that the risk of an accident is unreasonably increased."

present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Moreover, even assuming error, we conclude that any error was harmless. *See Nay*, 123 Nev. at 333-34, 167 P.3d at 435. The State presented substantial evidence of Stanley's guilt. It is clear beyond a reasonable doubt that the jury would have found Stanley guilty even absent the disputed instruction.

Stanley next argues that the district court abused its discretion in admitting a witness's testimony, that he heard "vehicles racing down the road" before the sound of a collision. "[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The witness merely testified to his personal knowledge of what he heard. *See* NRS 50.025. To the extent using the word "racing" is a lay witness opinion, it is permissible under NRS 50.265 because it was based on the witness's perception and helpful to understand the testimony. Moreover, the term "racing" is common parlance used to describe moving quickly, and is not a scientific nor formal term that implies expert knowledge. *See Finger v. State*, 117 Nev. 548, 577, 27 P.3d 66, 85 (2001) (holding that a lay witness may use words such as "crazy" or "abnormal" to describe behavior but "should not be permitted to use the word 'insane' since that is a term of art"). Therefore, the district court did not abuse its discretion in overruling Stanley's objection.[2]

---

[2]Stanley also objects to the admission of the forensic results of Stanley's blood test. Stanley provides no authority to support his contention. Therefore, we need not address this issue. *See Maresca* 103

Stanley next argues that sufficient evidence did not support his conviction. We disagree. The State presented substantial evidence to support each element of the offense. *See* NRS 484C.110, 484C.430. The State demonstrated that Stanley was under the influence of alcohol while driving, operated his vehicle well above the legal speed limit, collided with the victim, and caused his death. Considering all of the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Middleton v. State*, 114 Nev. 1089, 1102, 968 P.2d 296, 306 (1998).

Finally, Stanley argues that cumulative error requires reversal. As discussed above, there is no error to cumulate. Therefore, this argument is without merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

_____

Nev. at 673, 748 P.2d at 6 ("[I]t is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."); *see also* NRAP 28(a)(10)(A).

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Chief Judge, The Eighth Judicial District Court
Eighth Judicial District Court, Dept. 8
Mueller & Associates
Magdalena Law Group
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk