MORTON HARRY CRANE AND GARY WILLIAM SHAON, APPELLANTS, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6850

December 15, 1972                    504 P.2d 12

*Gary A. Sheerin,* State Public Defender, for Appellants.

*Robert List,* Attorney General, *William P. Beko,* District Attorney, and *Peter L. Knight,* Deputy District Attorney, Nye County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Morton Harry Crane and Gary William Shaon were tried to a jury and convicted of burglary. NRS 205.060.[1]

They have appealed from their judgments of conviction, asserting several assignments of error, which we reject as meritless and, therefore, affirm the jury's verdict.

1.  At about the hour of 1:00 a.m. on July 22, 1971, two eyewitnesses saw Crane and Shaon dash into the building that housed the Justice of the Peace Court of Nye County located in Tonopah, Nevada. Approximately two minutes later the same eyewitnesses saw Crane and Shaon march out of the court, each man carrying a flag mounted on its standard. Upon investigation, it was learned that the United States flag and

---

[1]NRS 205.060:

"1.  Every person who, either by day or night, enters any house, room apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary.

"2.  Any person convicted of burglary shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years.

"3.  Whenever burglary is committed upon a railroad train, vehicle, vehicle trailer, semitrailer or housetrailer, in motion or in rest, in this state, and it cannot with reasonable certainty be ascertained in what county the crime was committed, the offender may be arrested and tried in any county through which the railroad train, vehicle, vehicle trailer, semitrailer or housetrailer may have run on the trip during which such burglary is committed."

the Nevada flag, with standards, and a bag containing several gold eagles were missing from the Justice Court. A search warrant was obtained, and the quarters where the appellants slept were searched. An American flag and a Nevada flag were found nailed to the walls of the shack where the appellants lived. Later, in an adjoining building to which the appellants had access, two additional flags, an American flag and a Nevada flag, were found with two standards, one of which bore the Nye County metal decal inventory stamp. While the other flagpole was similar, neither it nor the two flags located near the "Nye County Pole" could be positively identified as *the* flags taken from the Justice Court, because they had no such positive markings, although they were identified as very similar in appearance to the flags removed from the courtroom, and they were received in evidence with the standards.

2. The appellants challenge the jury's verdict, first, on the ground that there is no direct evidence in the record to show that they entered the justice court with specific intent to commit larceny, which is the necessary element upon which the charge of burglary is predicated. Appellants argue that there was no breaking into the building because the building has not been locked in over 40 years. NRS 205.065 provides in part: "Every person who shall unlawfully break and enter or *unlawfully enter* any . . . building . . . shall be deemed to have . . . entered the same with intent to commit grand or petit larceny . . . unless such . . . unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent." (Emphasis added.) McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965). Both defendants took the stand, and they each denied entering the building and removing the articles, although they admitted walking by the courtroom at the time they were seen by the witnesses. Apparently their testimony was rejected by the jury as an unsatisfactory explanation of their conduct, and understandably so, in light of the direct testimony of the eyewitnesses who observed the crime. Intention is manifested by circumstances connected with the perpetration of the offense. NRS 193.200.[2] The evidence in the instant case provides adequate circumstances upon which the jury could have reasonably inferred that Crane and Shaon,

[2]NRS 193.200:
"Intention is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused."

having unlawfully entered the justice court without consent, did so with the specific intent to commit larceny.

3. The appellants next claim the trial judge committed reversible error in failing *sua sponte* to instruct the jury that unless the jury could find from the evidence received that the circumstantial evidence relating to the element of specific intent was wholly irreconcilable with any conclusion but that of guilt, the jury must find that such specific intent did not exist and acquit the defendants. The trial judge did give Instruction 13[3] and Instruction 14,[4] which was all that was necessary in this case, because direct evidence, as well as circumstantial evidence, was introduced during the trial. State v. Alsup, 69 Nev. 121, 243 P.2d 256 (1952).

4. The two flags with standards and a bag containing the gold eagles all found in buildings occupied by the appellants were received in evidence. This, the appellants claim, was

---

[3]Instruction 13:

"There are two classes of evidence recognized and admitted in Courts of Justice, upon either of which juries may lawfully find the accused guilty of crime. One is direct or positive testimony of any eye witness to the commission of the crime, and the other is proof by testimony of a chain of circumstances pointing sufficiently strong to the commission of the crime by the defendants, and which is known as circumstantial evidence.

"Such evidence may consist of any acts, declarations or circumstances admitted in evidence tending to prove the commission of the crime.

"If you are satisfied of defendants' guilt beyond a reasonable doubt, it matters not whether your judgment of their guilt is based upon direct and positive evidence or on indirect and circumstantial evidence, or upon both."

[4]Instruction 14:

"If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendants, and the other to their innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendants' innocence, and reject that which points to their guilt.

"You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendants' guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt."

error, because the items, except one of the standards, were not positively identified as the ones taken from the justice court. As we mentioned earlier, the only item bearing a positive identification mark was one of the standards that had the Nye County metal decal inventory number on it. The witnesses did testify as to the other items that they were identical or very similar in appearance to the missing articles. This was sufficient identification to permit the exhibits into evidence. O'Brien v. State, 88 Nev. 488, 500 P.2d 693 (1972).

The remaining assignments of error concern matters to which objection was not made at trial, and the other claims of error, if error at all, cannot reasonably be deemed to have affected substantial rights. NRS 178.596 and NRS 178.598.

Appellants' judgments of conviction are affirmed.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.