GUNNAR MANUEL POWER and FRANK EDWARD POWER, Appellants, v. THE STATE OF NEVADA, Respondent.

No. 16466

September 4, 1986         724 P.2d 211

*Goodman, Terry, Stein & Quintana,* and *William Smith,* Las Vegas, for Appellants.

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, *Ronald C. Bloxham,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Gunnar Manuel Power appeals from a judgment of conviction of attempted murder and second degree kidnapping, both with use of a deadly weapon. Appellant Frank Edward Power appeals from a judgment of conviction of battery and second degree kidnapping, both with use of a deadly weapon.

Appellants seek reversal claiming that the district court erred in admitting into evidence the transcript of the complaining witness' preliminary hearing testimony. We agree. Accordingly, we reverse Gunnar and Frank Power's judgments of conviction and remand the case to the district court for a new trial.

### THE FACTS

At Gunnar and Frank Power's preliminary hearing, Randy Wheeler, the complaining witness, testified that Gunnar and Frank Power lured him to their home, bound his arms and legs, injected him with methamphetamine, drove him to an isolated location, inflicted various lacerations on his right thigh, neck, and head, and threw him into a ditch. Gunnar and Frank Power were represented by counsel, who cross-examined Randy Wheeler, at the preliminary hearing.

On the second day of Gunnar and Frank Power's trial, the state informed the court that it was unable to obtain Randy Wheeler's presence at trial as a witness and that the state wished to offer into evidence the transcript of Randy Wheeler's preliminary hearing testimony.

The district court held an evidentiary hearing. At the evidentiary hearing, the state established that it had made the following unsuccessful attempts to obtain Randy Wheeler's presence at trial as a witness. During the week before trial, a police detective and the prosecutor visited and telephoned the house at which Randy Wheeler lived and spoke with the owner of the house. Four days before trial, the police detective spoke to Randy Wheeler, who said that he would pick up his subpoena, but Wheeler did not do so. On the day before trial, the prosecutor spoke with Randy Wheeler's employer and one of Randy Wheeler's friends. And on the day of the evidentiary hearing, the police detective spoke with another of Randy Wheeler's friends and telephoned local hospitals, jails, and law enforcement agencies. At the evidentiary hearing, the state asserted that Randy Wheeler was an essential witness to its case.

The district court found that the state had been sufficiently diligent in attempting to obtain Randy Wheeler's presence at trial as a witness and admitted into evidence the transcript of Randy Wheeler's preliminary hearing testimony.

## THE LAW

Gunnar and Frank Power argue that the district court erred in admitting into evidence the transcript of Randy Wheeler's preliminary hearing testimony. We agree.

The transcript of a witness' preliminary hearing testimony may be admitted into evidence at a criminal trial without violating the defendant's right to be confronted with the witnesses testifying against him, a right secured by the confrontation clause of the Sixth Amendment[1] and made obligatory on the States by the Fourteenth Amendment (Pointer v. Texas, 380 U.S. 400 (1965); Summers v. State, 102 Nev. 195, 718 P.2d 676 (1986), if three preconditions are met. First, the defendant must have been represented by counsel at the preliminary hearing. Second, the defendant's counsel must have been provided an adequate opportunity to cross-examine the witness at the preliminary hearing. Third, the witness must actually be unavailable at the time of trial. Ohio v. Roberts, 448 U.S. 56 (1980); Mancusi v. Stubbs, 408 U.S. 204 (1972); *Pointer, supra;* Aesoph v. State, 102 Nev. 316, 721 P.2d 379 (1986). *See also* NRS 171.198. The United States Supreme Court has stated:

> The basic litmus of Sixth Amendment unavailability is established: "[A] witness is not 'unavailable' for purposes of . . . the exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." [Citation omitted.] . . . [I]f there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith may demand their effectuation. "The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness." [Citation omitted.] The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness. As with other evidentiary proponents, the prosecution bears the burden of establishing this predicate.

*Ohio, supra,* at 74-75.

The state demonstrated that the first two preconditions to the constitutional admission of the transcript of Randy Wheeler's preliminary hearing testimony had been met. *Ohio, supra; Aesoph, supra.* Gunnar and Frank Power were represented by counsel, who cross-examined Randy Wheeler, at the preliminary hearing. *Id.*

---

[1]"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. *Const.* amend. VI.

The state did not, however, demonstrate that the third precondition had been met. *Ohio, supra; Aesoph, supra.* The state's efforts to obtain Randy Wheeler's presence at trial as a witness, outlined above, were minimal. *See* Annot., 3 A.L.R. 4th 87 (1981). The state made absolutely no effort to contact Randy Wheeler's relatives, neighbors, or co-employees. And the state made only nominal efforts to contact Randy Wheeler's friends and employers. The fact that the state's efforts to obtain Randy Wheeler's presence at trial as a witness were so minimal, conjoined with the importance of Randy Wheeler's testimony, compel us to conclude that the state's efforts were not sufficiently reasonable. The state did not sustain its burden of demonstrating that Randy Wheeler was actually unavailable at the time of trial. *Id.* The district court erred, violating the rights guaranteed to Gunnar and Frank Power by the confrontation clause of the Sixth Amendment, in admitting into evidence the transcript of Randy Wheeler's preliminary hearing testimony. *Id.*

Confrontation clause errors are subject to Chapman v. California, 386 U.S. 18 (1967), harmless error analysis. Delaware v. Van Arsdall, 89 L.Ed.2d 674 (1986). In *Van Arsdall,* the Court stated:

> Whether [a confrontation clause error] is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, . . . and, of course, the overall strength of the prosecution's case.

*Id.* at 686-687.

The district court's error in admitting into evidence the transcript of Randy Wheeler's preliminary hearing testimony was not harmless. Randy Wheeler was an essential witness to the state's case. His testimony was not cumulative. No evidence, other than his testimony, contradicted Gunnar and Frank Power's version of the events in question. *Van Arsdall, supra.*

Accordingly, we reverse Gunnar and Frank Power's judgments of conviction and remand the case to the district court for a new trial. Our disposition of this issue renders it unnecessary to address Gunnar and Frank Power's remaining assignments of error.