An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELGIN AARON ALWAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61790

**FILED**

MAY 3 0 2014

*ORDER OF AFFIRMANCE*

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ~~S. Young~~
DEPUTY CLERK

This is an appeal from a judgment of conviction, pursuant to a jury trial, of battery with a deadly weapon and assault with a deadly weapon. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Appellant Elgin Alway, a cab driver, drove Jason Shurtleff and his two companions to a destination in Reno. After a verbal exchange between Alway and Shurtleff during this ride, Alway held a knife to Shurtleff's throat. At a suppression hearing after the incident, Alway questioned Officer Heglar of the Reno Police Department about certain statements Alway made concerning the incident. At trial, the district court admitted Officer Heglar's testimony from the suppression hearing because Officer Heglar was unavailable. Further, the district court prevented Alway from questioning Shurtleff about his Post-Traumatic Stress Disorder (PTSD) and Shurtleff's medications. After a three-day trial, the jury found Alway guilty of battery with a deadly weapon and assault with a deadly weapon. At sentencing, the district court merged the two crimes and only sentenced Alway on battery with a deadly weapon.

Alway now appeals, arguing that (1) the district court erred by preventing Alway from questioning Shurtleff about his PTSD and his medications, (2) the district court erred by admitting Officer Heglar's

SUPREME COURT
OF
NEVADA

(O) 1947A

14-17554

testimony from a suppression hearing when Officer Heglar was unavailable at trial, (3) the State committed several instances of prosecutorial misconduct throughout the trial, (4) the district court erred by refusing to instruct the jury on credibility and opposing stories based on *Crane v. State*, 88 Nev. 684, 504 P.2d 12 (1972), and (5) the district court committed judicial misconduct throughout the trial. Also, the State argues in its answering brief that the district court erred in merging the assault and battery charges.

*The district court did not violate Alway's right to confront witnesses by preventing Alway from asking about Shurtleff's PTSD*

Alway argues that the district court denied his constitutional right to confront witnesses by limiting Alway's cross-examination regarding Shurtleff's PTSD. We disagree.

We review a district court's decision to exclude evidence for abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "However, whether a defendant's Confrontation Clause rights were violated is 'ultimately a question of law that must be reviewed de novo.'" *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009) (quoting *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007)). Also, "district courts have wide discretion to control cross-examination that attacks a witness's general credibility." *Lobato v. State*, 120 Nev. 512, 520, 96 P.3d 765, 771 (2004).

Alway initially filed a motion in limine to exclude any discussion of Shurtleff's military history or PTSD. However, Alway subsequently argued that if the district court allowed the State to briefly discuss Shurtleff's military history, this opened the door to inquire about Shurtleff's entire military history and his PTSD. The district court ruled that the State could briefly discuss that Shurtleff was previously in the

military, but declined any extensive discussion about his military history or his PTSD. At trial, Alway again argued that the district court violated his right to confront Shurtleff. The district court stated that it was unfairly prejudicial to question Shurtleff about his PTSD because there was no evidence that Shurtleff's condition or medication prevented him from being able to observe or understand the incident.

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right of confrontation through cross-examination of witnesses against him at trial. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). This right "'guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id.* at 679 (emphasis omitted) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

We conclude that the district court did not abuse its discretion by preventing Alway from cross-examining Shurtleff about his PTSD. There was no evidence that Shurtleff's PTSD or his medication prevented him from properly perceiving or remembering the night. In fact, the evidence showed that Shurtleff understood what happened, but wanted to take time to reflect on the event before providing his statement. We conclude that this is a reasonable reaction. Also, the district court properly allowed the State to briefly establish Shurtleff's work history, which any witness would be allowed to discuss. Therefore, given the district court's wide discretion regarding cross examination of a witness's credibility, we conclude that the district court did not abuse its discretion.

*The district court did not violate Alway's right to confront witnesses by allowing the State to read Officer Heglar's testimony from a suppression hearing at trial*

Alway argues that the district court denied his constitutional right to confront witnesses by allowing the State to read at trial Officer

Heglar's prior testimony from a hearing on a motion to suppress. Alway argues that the State failed to show that Officer Heglar was unavailable to testify under NRS 171.198(7)(b), and that Alway did not have a meaningful opportunity to cross-examine Officer Heglar at the suppression hearing. We disagree.

This court reviews whether "the prosecution exercised constitutionally reasonable diligence to procure a witness's attendance[ ] [a]s a mixed question of law and fact." *Hernandez v. State*, 124 Nev. 639, 647, 188 P.3d 1126, 1132 (2008). As such, this court "will give deference to the district court's findings of fact but will independently review whether those facts satisfy the legal standard of reasonable diligence." *Id.*

A preliminary hearing transcript may be admitted into evidence at trial without violating a defendant's right to confront witnesses if three conditions are met: (1) "the defendant must have been represented by counsel at the preliminary hearing,"[1] (2) "the defendant's counsel must have been provided an adequate opportunity to cross-examine the witness at the preliminary hearing," and (3) "the witness must actually be unavailable at the time of trial." *Power v. State*, 102 Nev. 381, 383, 724 P.2d 211, 212 (1986). Transcripts from a suppression hearing can also be used as former testimony so long as the second and third *Power* conditions are met and the defense had a similar motive when cross-examining the declarant at the suppression hearing. *United States v. Duenas*, 691 F.3d 1070, 1086 (9th Cir. 2012).

---

[1]This condition is not at issue in this appeal.

*The State was prepared to present evidence regarding Officer Heglar's unavailability, however, Alway accepted the State's representations*

The State notified the district court at a pretrial proceeding that Officer Heglar would be unavailable for trial because he had been in an out-of-state motorcycle accident. The State had another officer present to testify regarding Officer Heglar's unavailability. However, Alway stated that he would "take the State's word" regarding Officer Heglar's unavailability. As a result, the district court accepted the State's representations and found that Officer Heglar was unavailable.

NRS 51.055(1)(c) provides that a witness is unavailable if the witness is "[u]nable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity." "In determining whether the proponent of [former] testimony has met its burden of proving that a witness is constitutionally unavailable, the touchstone of the analysis is the reasonableness of the efforts." *Hernandez*, 124 Nev. at 651, 188 P.3d at 1134. This court has held that the State's efforts were reasonable when the State made an effort to obtain the witness in question and it was unlikely that additional efforts would have led to securing the witness for trial. *Id.* at 651, 188 P.3d at 1135; *Quillen v. State*, 112 Nev. 1369, 1376, 929 P.2d 893, 898 (1996).

This court shall consider the totality of the circumstances when determining whether a party made a reasonable effort to procure a witness's attendance. *Hernandez*, 124 Nev. at 650-52, 188 P.3d 1134-35 (holding that the State did not make a good faith effort when it failed to (1) provide evidence regarding its attempt to obtain the witness's attendance after failing to appear on the morning of trial; (2) make an effort to communicate with an adult in the witness's household; (3) provide information that a family emergency existed, which prevented the witness

from appearing; (4) advise the district court how long the witness would be unavailable; and (5) seek a continuance to obtain the witness).

We conclude that the district court properly found that Officer Heglar was unavailable because he was in a serious motorcycle accident in Idaho. NRS 51.055(1)(c). Further, the State presented another officer to testify about Officer Heglar's condition. However, Alway stated that he would "take the State's word for [it]" regarding Officer Heglar's unavailability. Therefore, the district court properly found that Officer Heglar was unavailable.

> *Alway did not have a meaningful opportunity to cross-examine Officer Heglar*

Alway cross-examined Officer Heglar at a suppression hearing regarding statements made by Alway prior to his arrest. Throughout the cross-examination, Alway questioned Officer Heglar regarding various issues, including (1) Officer Heglar's search of Alway, (2) Alway's demeanor, (3) whether Officer Heglar advised Alway of his Miranda rights, (4) Alway's statement to Officer Heglar that he may have overreacted, and (5) Officer Heglar advising Officer Durio about his contact with Alway.

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right of confrontation through cross-examination of witnesses against him at trial. *Van Arsdall*, 475 U.S. at 678. An opportunity to cross-examine a witness at a preliminary hearing can be sufficient to avoid a confrontation clause violation. *Chavez*, 125 Nev. at 338, 213 P.3d at 483-84. This court will evaluate "the adequacy of the opportunity on a case-by-case basis." *Id.* at 338, 213 P.3d at 484.

The determination of whether to admit former testimony of an unavailable witness revolves around whether the party against whom the former testimony is offered had an opportunity and similar motive to

examine the witness at the prior hearing. *Duenas,* 691 F.3d at 1086-90 (holding that the defendant did not have the same motive to question an officer at a suppression hearing regarding the defendant's statements because he did not get to ask about the substance of the statement and did not have an opportunity to cast doubt on the officer's reliability and completeness of the defendant's statements).

We conclude that the district court erred by admitting Officer Heglar's suppression hearing testimony at trial because Alway's motive for questioning Officer Heglar at the suppression hearing was not substantially similar to what his motive would have been at trial. At the suppression hearing, the primary issue was whether Alway was in custody when he made statements to the officers. However, similar to the analysis in *Duenas,* Alway's motive at trial would have been to question Officer Heglar more extensively about the substance and details of those statements, and attempt to "cast doubt" on Officer Heglar's "credibility and on the reliability and completeness of his version of [Alway's] statement[s]." *Duenas,* 691 F.3d at 1090. Thus, we conclude that the district court erred in admitting Officer Heglar's testimony from the suppression hearing.

*Even though Alway did not have a meaningful opportunity to cross-examine Officer Helgar, this error was harmless*

The State presented Officer Durio as one of its witnesses at trial. He testified about his involvement in the investigation and the statements Alway made to him on the night of the incident, such as, "[Alway] told me that he may have jumped the gun and that he overreacted." Officer Durio further testified about the knife Alway used and authenticated it based on his first-hand knowledge of the knife. Alway cross-examined Officer Durio and asked numerous questions regarding the circumstances surrounding Alway's statement.

SUPREME COURT
OF
NEVADA

(O) 1947A

When "considering whether a Confrontation Clause violation is harmless, this court looks to 'the importance of the witness'[s] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, . . . and, of course, the overall strength of the prosecutor's case.'" *Hernandez*, 124 Nev. at 652-53, 188 P.3d at 1135-36 (alterations in original) (quoting *Power v. State*, 102 Nev. 381, 384, 724 P.2d 211, 213 (1986)). The error will be harmless if this court determines, "beyond a reasonable doubt, that the erroneous admission of the prior testimony did not contribute to the defendant's conviction." *Id.* at 653, 188 P.3d at 1136.

We conclude that the error was harmless because (1) Officer Durio testified regarding Alway's statement to him, which was almost identical to the statement Alway made to Officer Heglar, and Alway had the opportunity to cross-examine Officer Durio regarding the statement; (2) Officer Durio testified about the knife and any information that Alway wanted regarding the knife could have been elicited from Officer Durio; and (3) even without Officer Heglar's testimony, Alway admitted to having the knife and using it against Shurtleff, thus the ultimate question turned on whether the jury believed Alway's theory of self-defense. Therefore, we conclude that the error was harmless and did not affect the jury's decision to convict Alway.

*The State did not commit prosecutorial misconduct*

Alway argues that the State committed prosecutorial misconduct by improperly (1) vouching for a witness; (2) giving a personal opinion about Alway's testimony; (3) "denigrat[ing] both Mr. Alway and his counsel throughout the trial"; (4) commenting on Alway's silence; (5) falsely stating to the jury that defense counsel had been admonished for

misbehavior; (6) misleading the jury throughout the trial; (7) shifting the burden to Alway; and (8) eliciting and commenting on the opinion of lay witnesses, specifically regarding the issue of self-defense.

If a claim for prosecutorial misconduct was not properly preserved at trial, this court will review it for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (stating that reversal is only warranted when "the defendant demonstrates that the error affected his or her substantial rights, by causing 'actual prejudice or a miscarriage of justice'" (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003))). When the claim is preserved at trial, this court will apply harmless-error review. *Id.* If prosecutorial misconduct is of a constitutional dimension, this court "will reverse unless the State demonstrates, beyond a reasonable doubt, that the error did not contribute to the verdict." *Id.* at 1189, 196 P.3d at 476. However, if the misconduct is not of a constitutional dimension, "[this court] will reverse only if the error substantially affects the jury's verdict." *Id.*

The State commented on one of its witnesses during closing arguments and stated that she is probably "our best sort of unbiased witness" because she was not a victim and had no interest in the outcome. Also, during the State's cross-examination of Alway at trial, the State questioned him about the inconsistency between his current testimony and his statement to the police on the night of the incident. Further, during closing arguments, the State discussed Alway's testimony, stating that Alway's "story just really doesn't make sense" and that Alway's testimony of the events was "not credible."

We conclude that the State was not vouching for a witness, but merely explaining to the jury that the witness did not have any apparent reason for bias. The jury could consider this argument and

determine whether it affected the witness's credibility. Further, the State did not give a personal opinion about Alway's testimony, but pointed out that Alway's testimony of the events was inconsistent with the testimony given by the other witnesses. It was also inconsistent with the statement Alway gave to the police on the night of the incident. Also, the State never commented on Alway's silence, but instead emphasized inconsistencies between his testimony at trial and his statement to the police on the night of the incident. Alway also failed to object to any of these statements at trial. Even if we did consider one of these acts to be misconduct, it would not be plain error because Alway has not shown that any of these instances prejudiced him or affected his substantial rights. Therefore, we conclude that the State did not commit prosecutorial misconduct.[2]

*The district court did not err by rejecting a theory of the case jury instruction for Alway*

Alway, citing *Crane v. State*, 88 Nev. 684, 504 P.2d 12 (1972), requested that the jury be instructed on how to handle two reasonable interpretations of an incident. Alway argues that the district court's failure to give Alway's theory of case jury instruction violated Alway's right to due process and a fair trial. We disagree.

The district court has broad discretion to settle jury instructions. *Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319

---

[2]The State incorrectly lodged an objection regarding defense counsel, stating that he had "been repeatedly admonished not to make these smart aleck comments." Defense counsel responded that he had "never been admonished by this Court." We find that even though the State incorrectly stated that defense counsel had been admonished, it is harmless error because Alway has not demonstrated how the misconduct substantially affected the jury verdict.

(2008). This court reviews a district court's decision to approve or reject an instruction for an abuse of discretion or judicial error. *Id.* However, this court will review de novo whether a particular instruction is a correct statement of law. *Id.*

The district court refused to offer an instruction explaining that if there were two reasonable interpretations, one showing guilt and one showing innocence, then the jury should acquit. However, the district court did give four instructions regarding the burden of proof and four instructions on self-defense.

We have held that a jury instruction on evidence that has two interpretations is not necessary so long as the jury is properly instructed regarding reasonable doubt. *Mason v. State*, 118 Nev. 554, 559, 51 P.3d 521, 524 (2002). However, "the defense has the right to have the jury instructed on its theory of the case as disclosed by the evidence, no matter how weak or incredible that evidence may be." *Margetts v. State*, 107 Nev. 616, 619, 818 P.2d 392, 394 (1991).

We conclude that the district court did not err by refusing to give Alway's instruction because, like in *Mason*, the district court properly instructed the jury regarding the burden of proof. Thus, it was not an error for the district court to exclude Alway's proposed instruction. Further, Alway's theory of his case was self-defense and the district court properly informed the jury with several instructions regarding Alway's self-defense theory. Therefore, we conclude that the district court did not abuse its discretion by denying Alway's jury instruction.

*The district court did not commit judicial misconduct*

Alway argues that the district court failed to act impartially because it: (1) incorrectly instructed the jury prior to voir dire about the burden of proof, (2) stated in front of the jury that Alway's line of

questioning "did not really matter," and (3) prevented him from objecting during the State's closing.

Generally, when judicial misconduct occurs a party must object or move for a mistrial in order to preserve the issue for appellate review. *Oade v. State*, 114 Nev. 619, 621-22, 960 P.2d 336, 338 (1998). However, this court will review judicial misconduct for plain error. *Id.* at 622, 960 P.2d at 338. "In conducting plain error review, [this court] must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (internal quotations omitted).

Prior to jury voir dire, the district court instructed the potential jurors that they should presume Alway not guilty until the State successfully proved beyond a reasonable doubt that Alway committed an offense. Further, during Alway's cross-examination of a witness, the district court indicated that Alway's line of questioning did not "really much matter." Also, in response to Alway's objection during the State's closing, the district court instructed Alway to "not interrupt her argument." Alway continued to object throughout the remainder of the State's closing argument.

The "'trial judge must not only be totally indifferent as between the parties, but he must also give the appearance of being so.'" *McNair v. State*, 108 Nev. 53, 62, 825 P.2d 571, 577 (1992) (quoting *Kinna v. State*, 84 Nev. 643, 647, 447 P.2d 32, 35 (1968)). However, it is unlikely that a trial will be free from errors. *Id.* The question on appeal becomes whether the judicial errors were of such a "pervasive" nature that it created an unfair trial for the defendant. *Id.*

We conclude that the district court did not err when it explained that Alway was presumed not guilty until the State proved otherwise beyond a reasonable doubt. Further, the district court's statement regarding defense counsel's line of questioning does not constitute judicial misconduct because the district court was simply stating that this issue had already been covered and was not relevant to issues at trial. However, we take this opportunity to caution judges that their role of remaining "impartial" and "totally indifferent" must be carefully maintained. *Kinna*, 84 Nev. at 647, 447 P.2d at 35. Lastly, the district court did not prevent defense counsel from objecting during the State's closing argument. Even so, it is not entirely clear what the district court instructed the defense to do. It appears that the district court either asked the defense not to interrupt the State as she was attempting to respond to the objection or not to object during the State's closing. Regardless, Alway was in no way restricted by the district court from objecting throughout the remainder of the State's closing. Therefore, the district court did not commit judicial misconduct.

*The State cannot raise the merger issue on appeal*

The State argues that the district court erred by merging assault with a deadly weapon into battery with a deadly weapon and requests that we remand the case for sentencing on assault with a deadly weapon.

However, the State has no right to appeal from a judgment of conviction in a criminal case. *In re Halverson*, 123 Nev. 493, 520, 169 P.3d 1161, 1179 (2007). A respondent is entitled to make a defense in its answer based on "an alternative legal ground that is manifest in the record." *Neverson v. Farquharson*, 366 F.3d 32, 39 (1st Cir. 2004) (also stating that "a party may not use his opponent's appeal as a vehicle for

SUPREME COURT
OF
NEVADA

(O) 1947A

13

attacking a final judgment in an effort to diminish the appealing party's rights thereunder" (internal quotations omitted)).

We decline to consider this issue because the State does not have the right to appeal it. Alway did not raise the issue on appeal and the State cannot use Alway's appeal to bring the issue before this court. Therefore, we do not address the State's merger argument.

Accordingly, we ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta


cc:     Second Judicial District Court Dept. 10
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[3]We have considered the parties' remaining arguments and conclude that they are without merit.