MIKE KINNA aka MIKE KEYENA, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5536

November 13, 1968                    447 P.2d 32

---

*James D. Santini,* Public Defender, and *Robert N. Peccole,* Assistant Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General; and *George E. Franklin, Jr.,* District Attorney, and *James L. Buchanan, II,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

A jury in Clark County found Mike Kinna guilty of unlawful possession of narcotics. His appeal is predicated upon two specifications of error: (1) The narcotic (marijuana) seized at the time of his arrest was unlawfully received in evidence; (2) the conduct of the trial judge deprived him of a fair and impartial trial.

In March 1967, William C. Kirstein, who resided near the abandoned Fifth Street Grammar School in Las Vegas, observed a car parked near the school. On one occasion he saw appellant working on the car. Later he noticed appellant entering the school grounds through a hole in the school fence. Appellant entered in the morning and left in the evening. After observing appellant's conduct for several weeks, Mr. Kirstein reported appellant's activities to the Las Vegas police. The police, upon investigation, found appellant asleep in one of the rooms of the school, which he had been using for several weeks as his sleeping quarters. He was arrested for vagrancy. When he was arrested, the officers observed a black pouch among appellant's belongings and upon examination suspected it contained marijuana. A chemist's analysis confirmed their suspicions. Appellant was charged, tried, and convicted of unlawful possession of marijuana.

We have two issues presented for our consideration: (1) Was the marijuana found in the school the result of an illegal search and seizure? (2) Were appellant's constitutional rights to a fair and impartial trial denied by judicial misconduct?

1. Former NRS 171.235,[1] in force at the date of this arrest, provided that a peace officer may make an arrest in obedience to a warrant delivered to him, or may without a warrant arrest a person for a public offense committed or attempted in his presence. When a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person arrested. The question presented for our consideration is whether Kinna's arrest was lawful. If so, the search was permissible and the marijuana properly received in evidence. If not, the search was constitutionally impermissible, the marijuana was improperly received, and the conviction must be reversed.

Kinna was arrested for vagrancy. Paragraph F of Las Vegas City Ordinance 6–1–39 defines a vagrant as "Every person who lodges in any barn, shed, shops, outhouse, or place other than that kept for lodging purposes, *without the permission of the owner or persons entitled to the possession thereof.*" (Emphasis added.)

Appellant urges that the record is void of any evidence tending to show that the arresting officer at the time of Kinna's arrest knew or determined that Kinna was lodging in the Fifth Street Grammar School without permission of the owner or those entitled to possession of the school, namely, the Clark County Board of School Trustees, and therefore his arrest was invalid and the resulting search and seizure of the marijuana in derogation of Kinna's constitutional rights. We do not agree.

Kinna had been observed entering the school premises each morning through a hole in the fence and leaving by the same means in the evening. He had set up temporary, makeshift sleeping quarters in a public school building. These facts are sufficient, in our opinion, to show that he was there absent the

[1]Former NRS 171.235. "Arrests by peace officers.

"1. A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

"(a) For a public offense committed or attempted in his presence.

"(b) When a person arrested has committed a felony, although not in his presence.

"(c) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"(d) On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested.

"2. He may also, at night, without a warrant, arrest any person whom he has reasonable cause for believing to have committed a felony, and is justified in making the arrest, though it afterward appear that a felony has not been committed."

permission of the Clark County Board of School Trustees. Circumstantial evidence has long been held sufficient to establish the necessary elements of a public offense, if proved beyond a reasonable doubt. The rule was well stated by this court in State v. Snyder, 41 Nev. 453, 461, 172 P. 364, 366 (1918):

" 'If the circumstances, all taken together, exclude to a moral certainty every hypothesis but the single one of guilt, and establish that one beyond a reasonable doubt, they are sufficient.' (State v. Mandich, 24 Nev. 336, 54 Pac. 516.)"

See State v. Grenz, 175 P.2d 633 (Wash. 1946), where the charge was vagrancy, and State v. Slaughter, 425 P.2d 876 (Wash. 1967).

Admittedly, it would have been preferable if the officer had made an appropriate inquiry regarding permission for Kinna to be in the school, but to reverse his conviction under the state of the record would exalt form over matter and technicality over truth.[2]

2. We turn to appellant's second contention—that he was denied a fair and impartial trial due to judicial misconduct. The acts complained of vary from mild admonishment to strong reprimands. They center for the most part on colloquies between the trial judge and the Deputy Public Defender regarding counsel's attempt to cross-examine and to impeach the state's witnesses.

Presumably, those persons ascending the trial bench will not allow their personal temperament to interfere adversely with the ascertainment and declaration of the truth, for that is the object and goal of every judicial proceeding.

While we are not unmindful of the heavy court calendars of our district courts and the sincere desire of our trial judges to expedite the disposition of cases pending before them, the trial judge's conduct in this case—his display of impatience and active participation during the trial as an advocate—constituted a disregard for the effect such conduct might have upon the jury, who look to the judge as their guide and guardian.

---

[2]Query: An officer arresting a person found at midnight in a rancher's chicken house with several hens in his possession would hardly be required to inquire of the person whether he had permission of the rancher to take the chickens.

Firmly embedded in our tradition of even-handed justice—and indeed its very cornerstone—is the concept that the trial judge must, at all times, be and remain impartial. So deeply ingrained is this tradition that it is now well settled that the trial judge must not only be totally indifferent as between the parties, but he must also give the appearance of being so.

Harassment of counsel, prejudicial to his client—and this can take many' forms—may require a new trial. The court may not hamper or embarrass counsel in the conduct of the case by remarks or rulings which prevent counsel from presenting his case effectively or from obtaining full and fair consideration from the jury.

Canon 16 of the Canons of Judicial Ethics adopted by this court in 1962 for all the courts of justice in the State of Nevada provides in part:

"A judge may properly intervene in a trial of a case to promote expedition, and prevent unnecessary waste of time, or to clear up some obscurity, but he should bear in mind that his undue interference, impatience or participation in the examination of witnesses, * * * may tend to prevent the proper presentation of the cause, or the ascertainment of the truth in respect thereto.

"Conversation between the judge and counsel in court is often necessary, but the judge should be studious to avoid controversies which are apt to obscure the merits of the dispute between litigants and lead to its unjust disposition. In addressing counsel, litigants or witnesses, he should avoid a controversial manner or tone."

The issue before us is narrowed to a determination whether the judicial misconduct of which appellant complains denied him his constitutional right to a fair and impartial trial.

In State v. Clark, 38 Nev. 304, 149 P. 185 (1915), this court held that the amount of misconduct necessary to reverse depends on how strong and convincing is the evidence of guilt. However, even when evidence is quite apparent, misconduct may so interfere with the right to a fair trial as to constitute grounds for reversal. State v. Boyle, 49 Nev. 386, 248 P. 48 (1926); People v. Mahoney, 258 P. 607 (Cal. 1927).

■■■■■■

While it is difficult to appraise the effect judicial misconduct may have played in the case before us, it is clear from the record that the evidence of appellant's guilt is most substantial and convincing, and for that reason only, appellant's conviction must be affirmed.

Affirmed.

COLLINS, ZENOFF, and BATJER, JJ., concur.

THOMPSON, C. J., dissenting:

The conviction of Kinna for the unlawful possession of narcotics should not be allowed to stand since it rests upon evidence secured in violation of the Fourth Amendment proscription against unreasonable searches and seizures.

Kinna was arrested without a warrant at an abandoned schoolhouse where he had been living. The arrest was for vagrancy as defined by Las Vegas City Ordinance ch. 1, § 6–1–39(f).[1] The incidental seizure of marijuana which followed was constitutionally permissible if the arrest was valid; otherwise, the seizure exceeded Fourth Amendment commands.

A peace officer may arrest without a warrant for a misdemeanor committed in his presence. NRS 171.235. Kinna was not a vagrant when arrested unless he was lodging in the abandoned schoolhouse without the permission of the owner. Lack of permission is the essence of the crime. The record shows that the arresting officer did not inquire whether Kinna had permission of the owner to be there. Lack of permission may not be established by inference, but must be known to the arresting officer as a precondition of his authority to arrest for a violation of the ordinance. A misdemeanor is not committed in the presence of an officer unless the acts constituting the offense are known to him through his own senses. Elrod v. Moss, 278 F. 123 (4 Cir. 1921); State v. Duren, 123 N.W.2d 624 (Minn. 1963); Venable v. State, 362 S.W.2d 222 (Tenn. 1962); Smith v. Hubbard, 91 N.W.2d 756 (Minn. 1958); State v. Pluth, 195 N.W. 789 (Minn. 1923); Hughes v. State, 238 S.W. 588 (Tenn. 1922). Although a person may actually be committing a criminal offense, it is not committed in the presence of an officer if the officer does not know it. State v. Pluth, supra. In the case at hand the arrest was not shown to be valid and there exists no basis upon which to justify the

_____

[1]That section of the ordinance provides that a vagrant is "Every person who lodges in any barn, shed, shops, outhouse, or place other than that kept for lodging purposes, without the permission of the owner or persons entitled to the possession thereof."

incidental seizure of marijuana. The reception of the marijuana as evidence during trial was, therefore, impermissible.

Respectfully, I dissent.