BLAKE OADE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 28297

May 28, 1998                    960 P.2d 336

---

*Peter L. Flangas,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, SPRINGER, C. J.:

On May 5, 1994, State Gaming Control arrested Blake Oade at the Clarion Hotel and Casino in Reno for unlawfully increasing

two bets in a blackjack game. Oade was charged with two counts of fraudulent gaming pursuant to NRS 465.070 and NRS 465.088. At trial, Oade argued that he was intoxicated the morning of the incident and that this caused him to make mistakes while he was playing blackjack. Oade explained that, in one instance, he must have mistakenly dropped extra chips on his original bet after the cards had been dealt and that, in the other instance, he thought he had been paid on his first bet and was attempting to place a second bet.

The jury found Oade guilty of two counts of committing fraudulent acts involving gaming. The judge sentenced Oade to three years for each count, to run concurrently. The sentences were suspended, and Oade was placed on probation for an indeterminate period not to exceed two years. Oade argues on appeal that the district court judge committed judicial misconduct which deprived him of a fair trial, that the district court erred by excluding Oade's proposed jury instructions, and that the district court erred by refusing to give Oade's voluntary intoxication instruction.

We conclude that the district court judge's conduct, when considered in its entirety, constituted cumulative error, which may have prejudiced Oade's right to a fair trial.

Oade argues that the district court judge made inappropriate comments and threats and assessed repeated fines, which distracted the jury from the issues, limited the defense's ability to present a case, and promoted a lack of credibility in Oade's counsel. Oade argues that as a result of the judge's conduct, he did not receive a fair trial.

The State argues that Oade failed to preserve the issue of judicial misconduct for review because he did not object to the judge's comments or move for a mistrial. The State also contends that the district court judge responded appropriately to repeated displays of unprofessionalism on the part of Oade's counsel.

A trial judge has a responsibility to maintain order and decorum in trial proceedings. Parodi v. Washoe Medical Ctr., 111 Nev. 365, 367, 892 P.2d 588, 589 (1995); *see* Nevada Code of Judicial Conduct Canon 3(B)(1991). "What may be innocuous conduct in some circumstances may constitute prejudicial conduct in a trial setting, and we have earlier urged judges to be mindful of the influence they wield." *Parodi,* 111 Nev. at 367, 892 P.2d at 589.

Judicial misconduct must be preserved for appellate review; failure to object or assign misconduct will generally preclude

review by this court. *Id.* at 368, 892 P.2d at 590. However, this court has reviewed judicial misconduct, absent the appellant's failure to preserve adequately the issue for appeal, under the plain error doctrine. *See id.* at 369-70, 892 P.2d at 591 ("failure to object will not always preclude appellate review in instances where judicial deportment is of an inappropriate but nonegregious and repetitive nature that becomes prejudicial when considered in its entirety").

In holding that judicial misconduct may fall under the purview of the plain error doctrine, this court adopted the reasoning in Agee v. Lofton, 287 F.2d 709 (8th Cir. 1961), in which the Eighth Circuit concluded that, while exceptions to objectionable remarks should be voiced during trial, "counsel . . . are, understandably, loath to challenge the propriety of a trial judge's utterances, for fear of antagonizing him and thereby prejudicing a client's case." *Parodi,* 111 Nev. at 369, 892 P.2d at 590 (quoting *Agee,* 287 F.2d at 710).

In the instant case, Oade's counsel, early in the trial, moved for a mistrial based on the court's "attitude." The district judge abruptly interrupted counsel and denied the motion. Thereafter, the judge dismissed the jury and advised Oade's counsel, "I'm not going to be provoked into a mistrial." A review of the record reveals that the judge, early in the trial, was preoccupied with Oade's counsel's ability to behave appropriately. We conclude that it was not unreasonable for Oade's counsel to remain quiet during the remainder of the trial rather than voice objections and risk "antagonizing" the judge. Therefore, we address Oade's argument despite his failure to object below.

Oade lists eighteen separate incidents of alleged judicial misconduct. Rather than list each of Oade's assigned errors, a few illustrative examples will be set forth in the following discussion.

Many of Oade's assigned errors consist of warnings by the judge that fines would be assessed and the imposition of those fines. At the start of trial, the court instructed the attorneys, outside the presence of the jury:

> You lawyers will not speak to each other unless you ask me if you can. You will not ask repetitive, redundant or obnoxious questions. Neither one of you will ask any questions I sustain an objection to more than once. I give you one warning; the second time, I get in your pocket, third time I declare a mistrial and you go to jail. That's the way we run it in Department 9. I know you've [counsel] been practicing law a long time but in California. Up here it's different. Do you understand me?

Oade's counsel agreed to follow the rules and does not argue on appeal that the rules were inappropriate or unfair. The record reveals that Oade's counsel sometimes failed to abide by the rules, interrupting both the judge and opposing counsel and repeating questions after an objection had been sustained. Several of the warnings and fines were in response to these types of infractions. We conclude that these types of fines and related warnings were not, by themselves, inappropriate in light of the "ground rules" set by the judge.

The judge did, however, make several other inappropriate comments which, when considered together, prejudiced Mr. Oade's right to a fair trial. In addition to imposing fines for violations of Department Nine's rules, the judge repeatedly levied fines against or issued warnings to Oade's counsel for minor transgressions, such as injecting argument into his opening statement and calling his own client by his first name. *Cf.* Earl v. State, 111 Nev. 1304, 1310, 904 P.2d 1029, 1033 (1995) (citing with disapproval district court's decision to excuse the jury, hold attorney in contempt, impose fine, and threaten jail because attorney asked a few leading questions).

Throughout the trial, the district court judge repeatedly expressed his impatience with Oade's counsel in the presence of the jury. It must be remembered that "the words and utterances of a trial judge, sitting with a jury in attendance, are liable, however unintentional, to mold the opinion of the members of the jury to the extent that one or the other side of the controversy may be prejudiced or injured thereby." *Parodi,* 111 Nev. at 368, 892 P.2d at 589-90. We conclude that the judge's comments regarding his impatience may have had an adverse impact on the jury's impression of Oade's counsel, which, in turn, may have adversely affected the jury's acceptance of Oade's defense.

The judge also acted in error by volunteering his opinion on certain evidence and digressing on issues unrelated to the facts of the case. On one occasion, following cross-examination by Oade's counsel of a state gaming agent regarding blackjack rules, the judge told the jury:

> There is no regulation or rule which permits a person to increase the bet after the bet has been made and the cards dealt unless it is a situation where it's known as a double down . . . or you split cards. But in my view, this examination borders on illogical. If [Oade's counsel] is trying to suggest that you have a right to double the bet when the cards are favorable to you just because you like the cards, that is not the law. Those are not the rules.

On another occasion, the judge implied that Oade's voluntary intoxication defense was untenable. It was improper for the judge to expand upon his reasons for sustaining objections and to comment on the strength of the defense's theory. In doing so, the judge injected into the proceedings his belief as to the merits of Mr. Oade's defense.

Finally, although a judge may explain to the jurors the need to maintain order and decorum in the courtroom, the judge's repeated commentary on this topic may have given the jurors the impression that the attorneys in this case, particularly Oade's counsel, were behaving inappropriately.

The above errors were individually neither prejudicial nor egregious; however, viewed in their entirety, they were clearly erroneous and potentially prejudicial to Oade's case.

The level of misconduct necessary to reverse a conviction depends upon how strong and convincing is the evidence of guilt. Kinna v. State, 84 Nev. 642, 647, 447 P.2d 32, 35 (1968). There is persuasive evidence of Oade's guilt; the jury viewed a video tape from the Clarion Hotel and Casino which shows Oade increasing two bets. This case rested, however, almost entirely on the defense's credibility. The jurors, in order to find a verdict of not guilty, had to believe Oade's testimony that he did not intend to cheat, but merely made mistakes due to his state of intoxication. The judge's remarks may have lessened the defense's credibility and prevented the defense from obtaining full and fair consideration from the jury. See id., 84 Nev. 642, 447 P.2d 32 (1968). We therefore conclude that the judge's remarks may have had a prejudicial impact on the verdict and thus constitute plain error warranting reversal.

Because we conclude that Oade deserves a new trial on the basis of the district judge's conduct, we need not reach the other issues raised on appeal. Accordingly, we order the judgment of conviction reversed and remand this case for a new trial.[1]

YOUNG, J., concurs.

GIBBONS, D. J., concurring:

I concur with the majority. From reviewing the record on appeal, there appears to be at least four occasions when the trial judge either sanctioned or threatened to sanction the attorney for the Appellant in the presence of the jury. Even if the conduct of counsel for the Appellant warranted a finding of contempt and a

---

[1]The Honorable Mark Gibbons, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE ROBERT E. ROSE, Justice. Nev. Const. art. 6, § 4.

fine, the court should have done so without the jury present. Meek v. State, 112 Nev. 1288, 930 P.2d 1104, 1109 (1996). These cumulative errors are prejudicial enough to warrant reversal.

SHEARING, J., dissenting:

I would affirm the judgment of conviction. I have reviewed the trial transcript, and I do not believe that the district judge was unfair to Oade or to Oade's counsel. The district judge, indeed, issued frequent admonitions to the attorneys. Through these admonitions, however, the judge sought to focus on the relevant issues, avoid inappropriate argument and prevent counsel from repeating questions or arguing after objections were sustained. A trial judge bears a responsibility to maintain order and decorum in courtroom proceedings. Nev. Code of Judicial Conduct Canon 3(B)(3). The district judge upheld those responsibilities.

Even when the district judge admonished the attorneys, he repeatedly told the jury that these admonitions did not reflect his opinion on the merits of the case or the attorneys. The judge explained that he was trying to run the courtroom in the manner he deemed appropriate.

Oade argues that even comments which clearly express this appropriate goal of the district court were prejudicial to him. I do not accept this argument. Oade maintains, for example, that the following comment by the district judge is prejudicial:

> This Court does not have any position one way or the other involving any particular position or particular argument of counsel. . . . It also is aware that the conduct of counsel is to be constrained when necessary by the court. I want you to know that I do not favor or disfavor Mr. Flangas, his position, himself personally, his son or his client. I don't know them. Neither do I favor or disfavor the prosecution. But what I'm going to do to the best of my ability is run this courtroom. I'm not going to permit counsel to engage in conduct which I believe is inappropriate.
>
> . . . .
>
> I've already told them [counsel] that's the way this courtroom will be run is a search for the truth. I will not be deterred from that position. I hold no grudge against any counsel or against any advocate, but I will not permit the search for truth to be corrupted in any respect, nor will I permit counsel to misbehave. That's one of the obligations of the judge.

The district judge did not limit his admonitions to the defendant or his counsel but applied them equally to the defense and prosecution. At one point, the prosecutor accused the district

judge of being derisive to him. I suggest that the district judge was simply controlling his courtroom.

The only interjection by the district judge which I found potentially prejudicial occurred during the argument among the district judge, counsel and a witness about the rules of Blackjack. Instead of allowing the witness to testify uninterrupted on the rules of Blackjack, the district judge interjected his own understanding of the rules and called the witness's statement illogical. The witness, however, had ample opportunity later to discuss the rules. Subsequent testimony revealed that there existed no basic disagreement about the rules. Thus, I do not see how the judge's interjection could have prejudiced Oade.

The judgment should be affirmed.

MAUPIN, J., dissenting:

The evidence of guilt was overwhelming. Although the conduct of this trial was regrettable from a number of different perspectives, the error is harmless.