An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

OMAR DAMION MAYWELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66921

**FILED**

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of obtaining and using personal identifying information of another person and three counts of forgery. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant Omar Damion Maywell first argues that the district court erred in admitting evidence of his other bad acts. The district court may admit evidence of other bad acts if, after a hearing outside the presence of the jury, it determines

> that: (1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Bigpond v. State*, 128 Nev., Adv. Op. 10, 270 P.3d 1244, 1250 (2012). Among the allowable purposes are "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." NRS 48.045(2). We review Maywell's claim for an abuse of discretion and

15-31489

will disturb the district court's ruling only if it was manifestly wrong. *Crawford v. State*, 107 Nev. 345, 348, 811 P.2d 67, 69 (1991).

Maywell's convictions arose from his use of another person's driver's license and social security card in an attempt to cash a forged check made out to that other person and Maywell's possession of two additional fraudulent checks. The district court ruled that the State could introduce three of Maywell's prior convictions, all of which involved attempting to cash forged checks, and two of which involved using the identification of another. Maywell had pleaded guilty in each case, and certified copies of the judgments of conviction were presented to the court. The district court found that the prior bad acts were relevant to the crimes charged and were for purposes other than proving Maywell's criminal propensity. In light of the similarities of the circumstances of his prior offenses to those for which Maywell was on trial, Maywell has not demonstrated that the district court abused its discretion in concluding that the prior convictions were relevant, because they show Maywell's intent to defraud, absence of mistake, and knowledge of the appearance of a forged check. Maywell's reliance on *United States v. Bagley* to the contrary was unavailing as that case analyzed the admission of prior convictions for impeachment purposes, 772 F.2d 482, 488 (9th Cir. 1985), not for purposes such as those listed in NRS 48.045(2).

Maywell has also failed to demonstrate that the district court's conclusions as to the last two *Bigpond* elements were an abuse of discretion. His bare claim that the prior acts were not proven by clear and convincing evidence is unsupported by relevant authority or cogent argument, and we thus need not consider it. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Finally, the probative value of the evidence

was not substantially outweighed by any danger of undue prejudice. The State ultimately introduced at trial evidence of only one prior conviction, Maywell does not dispute that the jury was properly instructed on the use of that evidence, *see Hymon v. State*, 121 Nev. 200, 211, 111 P.3d 1092, 1100 (2005) (presuming the jury follows its instructions), and there was substantial evidence of Maywell's guilt. Maywell was in possession of three checks that had been washed to remove the account holder's information, false account holder information was substituted that corresponded to the identification that Maywell presented, the identification belonged to another person whom Maywell represented himself to be, and he attempted to utter one of the forged checks.

Maywell also argues that the district court engaged in judicial misconduct that violated his due process right to a fair trial and that he is therefore entitled to a new trial. After being asked by defense counsel, the district court explained in the presence of the jury why it sustained the State's objection, and then continued on saying, in relevant part, "[Y]ou repeated the question because you didn't like the answer you got." Counsel made a record of his objection to the district court's "personal" and "disparaging" commentary. We review the district court's conduct in its entirety and seek to determine whether it influenced the jury's verdict. *Oade v. State*, 114 Nev. 619, 624, 960 P.2d 336, 339-40 (1998). "The level of misconduct necessary to reverse a conviction depends upon how strong and convincing is the evidence of guilt." *Id.* at 624, 960 P.2d 339. Although the district court's opinion as to why counsel posed a question was unnecessary and improper, it did not prejudice Maywell. It was one isolated comment, the jury had been given the standard admonition not to

infer anything from the presiding judge's comments, and there was substantial evidence of guilt.

Having concluded that Maywell's claims are without merit, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Valorie J. Vega, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk