# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAWN KALANI BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76124

**FILED**

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a direct appeal from a judgment of conviction,[1] pursuant to a jury verdict, of burglary while in possession of a deadly weapon and first-degree murder with use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Shawn Kalani Brown argues the district court made improper comments during voir dire, prosecutorial misconduct violated his right to a fair trial, and the district court erred in instructing the jury. Brown did not preserve any of his assignments of error for appellate review. When a defendant raises an issue on appeal that was not raised before the district court, the appellate court may review for plain error. *See* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). To obtain relief under plain error review, "an appellant must demonstrate that: (1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018), *cert. denied*, 139 S. Ct. 415 (2018).

---

[1]Subsequently, the district court entered an amended judgment of conviction to correct a clerical error. *See* NRS 176.565.

 
*19-43997*

First, Brown argues the district court discussing only first-degree murder penalties in an open murder case misled the venire and produced a false perception that only a conviction for first-degree murder would result in a penalty for Brown. We disagree. We review unpreserved claims of judicial error under the plain error doctrine. *See Oade v. State*, 114 Nev. 619, 622, 960 P.2d 336, 338 (1998). The record shows the district court explained that Brown had been charged with open murder and therefore the jury would have to consider potential penalties *if* he was found guilty of first-degree murder. The explanation was correct. *See* NRS 175.552(1)(a). And it was appropriate in the context of voir dire as to whether the prospective jurors could consider all potential penalties. Moreover, the district court fully instructed the jury on the degrees of murder and the lesser included offense of voluntary manslaughter. "[T]his court generally presumes that juries follow district court orders and instructions." *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006). Nothing in the record shows the jury deliberated under any false perception, and no reasonable juror would believe a defendant convicted of a crime other than first-degree murder would evade punishment. Therefore, we conclude Brown has not demonstrated error.

Next, Brown argues the prosecution committed misconduct by vouching for witnesses' credibility.[2] "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First,

---

[2]Brown also contends the prosecution misrepresented evidence and argued facts not in evidence. We conclude Brown's assignments of error are not plain from a casual inspection of the record. *See Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005) ("A prosecutor may not argue facts or inferences not supported by the evidence. Nevertheless, the prosecutor may argue inferences from the evidence and offer conclusions on contested issues." (internal quotation marks and footnotes omitted)).

we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (internal footnotes omitted). Because Brown failed to object, reversal is only warranted if he demonstrates plain error that affected his substantial rights. *Id.* at 1190, 196 P.3d at 477.

Here, Brown contends the prosecution offered improper assurances of witnesses' credibility. We agree. During closing argument, the prosecution repeatedly recounted facts supporting the credibility of an individual witness, and then commented, "if that doesn't tell you [the witness is] credible, I don't know what does." These and similar comments by the prosecution strayed from proper argument to improper endorsement.[3] *See Collier v. State*, 101 Nev. 473, 480, 705 P.2d 1126, 1130 (1985) ("[B]y invoking the authority of his or her own supposedly greater experience and knowledge, a prosecutor invites undue jury reliance on the conclusions personally endorsed by the prosecuting attorney."), *holding modified by Howard v. State*, 106 Nev. 713, 800 P.2d 175 (1990). However, these comments alone do not warrant reversal. *See Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 414 (2001) ("A prosecutor's comments should be considered in context, and 'a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.'" (quoting *United States v. Young*, 470 U.S. 1, 11 (1985))).

Finally, Brown argues that instructing the jury on the felony-murder rule violated his fundamental rights. We disagree. Failure to object

---

[3]The prosecution made additional comments that endorsed witnesses: "[t]hat tells you she's credible beyond a reasonable doubt," "you can trust his credibility," "I can tell you why she's further credible," "[b]ecause he's telling you the truth."

to a jury instruction precludes all but discretionary plain error review. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). The felony-murder rule has long been recognized under Nevada law. *E.g., Collins v. State*, 133 Nev. 717, 405 P.3d 657 (2017); *State v. Gray*, 19 Nev. 212, 8 P. 456 (1885). After reviewing the record, we discern no misstatements of the law in the instructions provided to the jury. Therefore, we conclude that error cannot be assigned to the district court for accurately instructing the jury pursuant to Nevada law. *See* NRS 175.161(3) ("If the court believes that the charge is pertinent and an accurate statement of the law . . . it must be given.").[4] To the extent Brown invites this court to reconsider the entirety of our felony-murder jurisprudence, we decline the offer. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[5]

_____, C.J.
Gibbons

_____, J.            _____, Sr. J.
Parraguirre                                         Douglas

cc:    Hon. Douglas W. Herndon, District Judge
       Ristenpart Law
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]Brown also argues for the first time in his reply brief that cumulative error warrants reversal. Reply briefs are "limited to answering any new matter set forth in the opposing brief." NRAP 28(c). Therefore, we do not consider this argument.

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.