IN THE SUPREME COURT OF THE STATE OF NEVADA

VALENTIN ZUNIGA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75213

FILED

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that trial counsel should have sought to suppress his confession as involuntary and coerced because of the conditions

19-50413

of his confinement before the interrogation. Appellant did not demonstrate deficient performance or prejudice. *Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996); *see also Passama v. State*, 103 Nev. 212, 213-14, 735 P.2d 321, 322-23 (1987) (holding that a confession must be made freely and voluntarily and the voluntariness of the confession is determined from the totality of the circumstances). Appellant's trial counsel filed an unsuccessful motion to suppress based on appellant's age, a language barrier, the length of interrogation, racially derogatory language used during the interrogation, alleged threats to appellant's family, and repeated allegations of lying. Appellant has not shown that adding the conditions of confinement would have made a difference in the success of his motion. First, the record does not support appellant's allegation that he wore a paper smock during the interrogation. Second, appellant did not demonstrate that the lack of a blanket or his difficulty in eating and sleeping affected the voluntariness of his statements. Contrary to appellant's claim, he strenuously denied killing the victim throughout the interrogation, and his denials were presented to the jury. Although appellant admitted that he had wanted to kill the victim, similar statements were presented through the testimony of other witnesses. Given the substantial evidence at trial, appellant has not demonstrated a reasonable probability of a different outcome at trial had his statements to the police been suppressed. Therefore, the district court did not err in denying this claim.

Next, appellant argues trial counsel should have objected and moved for a mistrial when the trial judge made an allegedly inappropriate statement that showed bias and undermined his right to a fair trial. Appellant did not demonstrate deficient performance or prejudice. When

several jurors became ill during trial, the judge asked if they wanted to "get this over with" by coming back the next day, a Friday, or take a longer break and return on Monday. The judge's comment did not evince bias and did not prejudice appellant's right to a fair trial. *See Oade v. State*, 114 Nev. 619, 621-23, 960 P.2d 336, 338-39 (1998) (describing when judicial comments may be inappropriate and prejudice the right to a fair trial). The judge's colloquial comment did not degrade the seriousness of the trial and was made in passing in addressing the jurors regarding their scheduling preferences. Thus, appellant did not demonstrate that trial counsel were ineffective in this regard.[1]

Next, appellant argues that counsel should have objected to the coroner's testimony based on the Confrontation Clause because he did not perform the autopsy. Appellant did not demonstrate deficient performance or prejudice. The testifying coroner gave an independent expert opinion based on the autopsy report and photographs and thus his testimony did not violate the Confrontation Clause because his judgment and methods were subject to cross-examination. *See Vega v. State*, 126 Nev. 332, 340, 236 P.3d 632, 638 (2010). As an objection based on the Confrontation Clause would have failed, trial counsel were not deficient in declining to raise a futile objection. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Therefore, the district court did not err in denying this claim.[2]

---

[1]Appellant did not demonstrate that appellate counsel was ineffective for failing to raise this argument on appeal. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114.

[2]Appellant's assertion that the autopsy report was admitted at trial is belied by the record.

Next, appellant argues that trial counsel should have ensured that bench conferences were recorded. Appellant fails to demonstrate deficient performance or prejudice because he has not identified how any missing portions of the record were so significant as to preclude meaningful review of the alleged errors. *See Preciado v. State*, 130 Nev. 40, 43, 318 P.3d 176, 178 (2014).

Next, appellant argues that trial counsel were ineffective because no mitigation investigation was done, legal authority regarding sentencing juvenile offenders was not presented to the sentencing court, no family background was presented, trial counsel admitted that she was not prepared for sentencing, and a sentencing memorandum was not presented. Appellant did not demonstrate deficient performance or prejudice. Appellant was 18 years old, thus the proffered legal authority relating to the sentencing of juvenile offenders did not apply here. Nevertheless, trial counsel argued at sentencing that appellant's youth and immaturity was a mitigating factor. The sentencing judge was further aware, having sat through the trial, about appellant's relationship with his girlfriend and his two young children. Appellant has not demonstrated a reasonable probability of a different outcome at sentencing had trial counsel presented information in Dr. Paglini's report or further information about appellant's family or background.[3] Under these circumstances, to the extent the district court erred by considering the sentencing judge's lengthy legal

---

[3]Contrary to appellant's assertion, the doctor's report does not contradict the sentencing judge's concern about appellant's violent tendencies as it contains information about a fistfight with a girlfriend and a fight with another person for sending threatening messages.

career and probable exposure to juvenile sentencing issues, it nonetheless reached the correct result in denying this claim.

Finally, appellant argues that the sentence is cruel and unusual and disproportionate to the crime. This claim was considered and rejected on direct appeal. *Zuniga v. State*, Docket No. 58267 (Order of Affirmance, Nov. 29, 2012). The doctrine of the law of the case prevents further litigation of this issue, *see Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975), and appellant has not provided any compelling reason to revisit this decision, *see Hsu v. Cty. of Clark*, 123 Nev. 625, 630-31, 173 P.3d 724, 728-29 (2007). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc:  Eighth Judicial District Court, Dept. 9
     Karen A. Connolly, Ltd.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A