## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KEN HILL, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>TRAVIS CLIFFORD PARKER, AN<br>INDIVIDUAL,<br>Respondent. | No. 80451 |
| KEN HILL, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>TRAVIS CLIFFORD PARKER, AN<br>INDIVIDUAL,<br>Respondent. | No. 81138 |

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

These consolidated appeals challenge a district court order denying a motion for new trial and an amended judgment in a personal injury action.[1]  Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

After respondent Travis Parker rear-ended appellant Ken Hill in an automobile accident, Hill sued Parker for negligence.  After a jury found Hill was not entitled to any damages, the district court entered a verdict in Parker's favor.  The district court denied Hill's motion for a new trial and then awarded Parker attorney fees and costs in an amended judgment.  Hill appeals.

Hill first challenges the district court's order denying his motion for a new trial pursuant to NRCP 59.  We review for an abuse of discretion, *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 74, 319 P.3d 606, 611 (2014),

---

[1]Pursuant to NRAP 34(f)(1), we have determined that these appeals do not warrant oral argument.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-19804

and affirm. We first reject Hill's argument that the district court abused its discretion when it allowed Parker's expert to testify beyond the scope of his report. *See Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5 (2014) (explaining that we review a district court's decision to allow expert testimony for an abuse of discretion). To the extent the expert testified regarding matters not explicitly in his report, we conclude that it did not materially affect Hill's substantial rights or otherwise prevent him from having a fair trial. NRCP 59(a)(1); *see also Pizarro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 263-64, 396 P.3d 783, 786 (2017) ("[E]ven if one of NRCP 59(a)'s new-trial grounds has been established, the established ground must have 'materially affect[ed] the substantial rights of [the] aggrieved party' to warrant a new trial." (quoting NRCP 59(a))). Hill testified about a pre-existing injury before the expert testified and Hill had an opportunity to cross-examine the expert on this issue. Moreover, the challenged testimony was consistent with the expert's disclosed opinion that Hill's injuries were due to a pre-existing injury.

We also disagree with Hill's contention that the district court abused its discretion by allowing Parker to use an undisclosed document to cross-examine Hill's expert. *See M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (reviewing a district court's decision to admit or exclude evidence for a palpable abuse of discretion). The public document in question, the expert's licensing board disciplinary history, was relevant to assessing the expert's credibility. *See Sears Roebuck & Co. v. Manuilov*, 742 N.E.2d 453, 461 (Ind. 2001) (holding that an expert's credibility is subject to "vigorous cross-examination"). Accordingly, the district court did not abuse its discretion by denying the motion for a new trial on these grounds.

Hill also makes several arguments challenging the amended judgment. First, Hill argues that the district court improperly limited his expert from testifying regarding future care and damages. We review for an abuse of discretion, *Capanna v. Orth*, 134 Nev. 888, 894, 432 P.3d 726, 733 (2018), and disagree. Appellant failed to make an initial disclosure regarding future damages. While it did not exclude the expert's testimony on these grounds, the district court's exclusion was ultimately not an abuse of discretion. *See id.* ("[A] party is required pursuant to NRCP 16.1(a)(1)[(A)(v)] to make an initial disclosure regarding the computation of the damages claimed, including future medical expenses."); *see also Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012) (recognizing that this court will affirm the district court's judgment if the district court reached the right result, albeit for different reasons). Even if the district court had abused its discretion, the error was harmless because the jury awarded no past or present damages, precluding an award of future damages. *See* NRCP 61 (discussing harmless error); *Gutierrez v. Sutton Vending Serv., Inc.*, 80 Nev. 562, 566, 397 P.2d 3, 5 (1964) ("Compensatory damages rest upon proof that they are the natural and probable result of the accident in question."); *Powell v. Montgomery*, 272 N.E.2d 906, 909 (Ohio Ct. App. 1971) (explaining that future damages serve "to amplify an award for damages already suffered"). And the jury verdict awarding Hill no damages was not clearly erroneous given the evidence presented at trial. *See Soper v. Means*, 111 Nev. 1290, 1294, 903 P.2d 222, 224 (1995) (holding that this court will uphold a jury verdict supported by substantial evidence).

We next reject Hill's argument that the district court abused its discretion when it purportedly "ad libbed" a jury instruction shifting the burden of proof as to Parker's affirmative defense regarding Hill's pre-

existing injuries. *See Bass-Davis v. Davis*, 122 Nev. 442, 447, 134 P.3d 103, 106 (2006) (reviewing issues pertaining to jury instructions for an abuse of discretion). A defendant has the burden of proof on any affirmative defenses. *See Worth v. Reed*, 79 Nev. 351, 356, 384 P.2d 1017, 1019 (1963). However, a defendant's argument that he did not cause the alleged damages "need not be set forth affirmatively because such allegations negate an essential element of the plaintiff's claim." *Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 395, 168 P.3d 87, 96 (2007). Thus, because it was consistent with the law, we conclude that the district court's instruction was not an abuse of discretion warranting relief.[2] *See Beattie v. Thomas*, 99 Nev. 579, 583, 668 P.2d 268, 271 (1983) (holding that jury instructions "must be consistent with existing law").

Hill next argues that the district court committed plain error because it admonished his counsel throughout trial when there was no attorney misconduct, which improperly influenced the jury. *See Oade v. State*, 114 Nev. 619, 621-22, 960 P.2d 336, 338 (1998) (reviewing unpreserved allegations of judicial misconduct for clear error). After a thorough review of the record, we conclude that the district court's admonishments were proper, within its authority to control courtroom proceedings, and are not of the egregious nature which this court has previously found warrants a new trial. *See Parodi v. Washoe Med. Ctr.*, 111 Nev. 365, 367, 892 P.2d 588, 589 (1995) (holding that a trial judge has a responsibility to maintain order and decorum in trial proceedings); *see also,*

---

[2]For these reasons, we also reject Hill's related argument that the district court improperly admonished his counsel for making an argument during closing that Parker had the burden of demonstrating his own defenses.

*e.g.*, *Oade*, 114 Nev. at 624, 960 P.2d at 339-40 (concluding that remand was appropriate where the district court's admonishments collectively prejudiced the appellant's case); *Azucena v. State*, 135 Nev. 269, 269, 448 P.3d 534, 536 (2019) (remanding for a new trial because the district court judge "threw a book against the wall, cursed, and berated, yelled at, and threatened a prospective juror for expressing her belief that she could not be impartial," which likely prevented prospective jurors from answering questions truthfully, and created an intimidating atmosphere in the courtroom).

Lastly, we reject Hill's alternative argument that the district court abused its discretion when it denied his request for additur. *See Donaldson v. Anderson*, 109 Nev. 1039, 1041, 862 P.2d 1204, 1206 (1993) (reviewing a district court's decision on a request for additur for an abuse of discretion); *see also Lee v. Ball*, 121 Nev. 391, 394-95, 116 P.3d 64, 66-67 (2005) ("[A]dditur may not stand alone as a discrete remedy; rather, it is only appropriate when presented to the defendant as an alternative to a new trial on damages."). Because substantial evidence supports the jury's verdict awarding Hill no damages, the damages were not "clearly inadequate" and a new trial on damages would be improper.[3] *See Drummond v. Mid-W. Growers Coop. Corp.*, 91 Nev. 698, 712, 542 P.2d 198, 208 (1975) (providing that the district court can only grant the post-judgment relief of additur if the damages awarded are "clearly inadequate"

---

[3]Because we conclude there is no basis for reversal, we further deny Hill's challenge to the portion of the amended judgment wherein the district court awarded Parker attorney fees and costs as the prevailing party. *See* NRS 18.010 (providing for attorney fee awards to prevailing parties); NRS 18.020 (providing for cost awards to prevailing parties).

such that new trial on damages would be proper). For the same reasons, and because we find that the district court did not abuse its discretion in denying the motion for a new trial, we decline Hill's invitation for this court to impose additur in this first instance. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:     Hon. Susan Johnson, District Judge
        Janet Trost, Settlement Judge
        Claggett & Sykes Law Firm
        Ryan Alexander, Chtd.
        Messner Reeves LLP
        Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.